# Exhibit 1

FILED

NOV 2 0 20

Karen Bowen, Clerk
Kittitas County Clerk's Office

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITTITAS COUNTY

JODY LEWIS, an individual;

Plaintiff,

vs.

POLARIS, INC, a foreign corporation, d.b.a. Polaris;. POLARIS INDUSTRIES, INC, a foreign corporation, d.b.a. Polaris; POLARIS ADVENTURES, a foreign corporation, d.b.a. Polaris; POLARIS EXPERIENCE, LLC, a foreign corporation, d.b.a. Polaris; TRAIL TECH, INC., a Washington corporation that is a subsidiary of Polaris.

Defendant.

NO. 24 2 0040119

SUMMONS

TO:  Defendants

A lawsuit has been started against you in the above-entitled court by Jody Lewis. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

To defend against the lawsuit, you must respond to the Complaint by stating your defense in writing and serve a copy upon the undersigned attorneys for Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons was served outside the state of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

SUMMONS                                    1

COPY

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite 330
Seattle, WA 98104
P. 206-625-9104

You may demand that Plaintiff file the lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiff. Within fourteen (14) days after the service of the demand, Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is stated pursuant to Rule 4 of the Washington State Civil Court Rules.

DATED 19th day of November 2024.

**HERRMANN LAW GROUP**

*/s/ Steve Trinen*
Steve Trinen, WSBA #30925
Attorney for Plaintiff

SUMMONS                                        2

**HERRMANN LAW GROUP**
505 Fifth Ave. South, Suite 330
Seattle, WA 98104
P. 206-625-9104
F. 206-682-6710

FILED

NOV 20 2024

Karen Bowen, Clerk
Kittitas County Clerk's Office

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KITTITAS COUNTY

JODY LEWIS, an individual;

                Plaintiff,

vs.

POLARIS, INC, a foreign corporation, d.b.a. Polaris;. POLARIS INDUSTRIES, INC, a foreign corporation, d.b.a. Polaris; POLARIS ADVENTURES, a foreign corporation, d.b.a. Polaris; POLARIS EXPERIENCE, LLC, a foreign corporation, d.b.a. Polaris; TRAIL TECH, INC., a Washington corporation that is a subsidiary of Polaris.

                Defendant.

NO. 24 2 0040119

COMPLAINT FOR PERSONAL DAMAGES AND INJURIES

COMES NOW the Plaintiff, by and through his attorneys of the *HERRMANN LAW GROUP*, and alleges as follows:

## I. NATURE OF ACTION

1.1     This cause of action for a product liability claim is brought to recover all legally entitled compensation for injuries and damages sustained by Plaintiff because of a ATV collision that occurred within Kittitas County, Washington, on or about December 13th, 2021.

## II. PARTIES

2.1     Plaintiff was an occupant and owner of an off-road vehicle, a.k.a. All Terrain Vehicle (ATV) involved in a collision. He brings this action in his own name for injuries and

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES         1

COPY

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite 330
Seattle, WA 98104
P. 206-625-9104

damages he sustained because of the collision. He resides in Kittitas County, Washington.

2.2    Defendants Polaris, Inc, Polaris Industries, Inc., Polaris Adventures, Polaris Experience, LLC and Trail Tech, Inc. did business as Polaris and were entities doing business in the State of Washington who manufactured and sold the ATV that was involved in the collision.

III. JURISDICTION & VENUE

3.1    Since the subject of this cause of action arises out of a motor vehicle collision occurring within Kittitas County, Washington, this Court has jurisdiction over the subject matter.

3.2    Venue is proper in Kittitas County because the collision occurred on an unnamed road, in Thorp, Kittitas County, WA.

IV. FACTS

4.1    On or around November 26th, 2021, Jody Lewis was a passenger in an off-road ATV that was involved in a collision near Thorp, WA. Jody Lewis was also the owner of that vehicle. The ATV was designed, manufactured, produced and sold by "Polaris" to include Polaris, Inc., and/or Polaris Industries, Inc., and/or Polaris Adventures, and/or Polaris Experience, LLC. Trial Tech, Inc. is a Washington Corporation that is a subsidiary of Polaris.

4.2    Defects included, but are not limited to the 2 front seats breaking loose and the seatbelt strap for the front right seat failing to lock properly.

4.4    The defects resulted in injuries to the Plaintiff.

4.5    The defects resulted in property damage to the ATV.

V. NEGLIGENCE CAUSE OF ACTION – PRODUCT LIABILTY

5.1    All the above paragraphs are incorporated by reference as though fully set forth.

5.2    Defendant sold the defective ATV to the plaintiff for use and as a result of the defective design, and/or manufacture, and/or production in the ATV, the plaintiff suffered injuries. If not for the product defects, Jody Lewis would not have suffered the injuries

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES                              2

he did or to the extent that he did.  Jody Lewis therefore suffered harm from the defective "Polaris" product.

5.3    Polaris, to include Polaris, Inc, and/or Polaris Industries, Inc., and/or Polaris Adventures, and/or Polaris Experience, LLC, and/or Trail Tech, Inc., was the apparent manufacturer of the defective ATV involved in the collision.

5.4    Polaris marketed the ATV into the Washington market, and sold the ATV into the Washington market.

5.5    A reasonable person in the position of the purchaser of the product would rely upon the reputation and representations of the apparent manufacturer "Polaris" in deciding whether to purchase the product.

5.6    The defects in the ATV rendered it not reasonably safe and unreasonably dangerous.

5.7    Plaintiff asserts claims under the Washington Products Liability Act (WPLA) including a claim for breach of warranty either express and/or implied.

5.8    Plaintiff asserts claims under the Washington Products Liability Act (WPLA) including a claim for product defects, to include design and manufacturing.

5.9    "Polaris" failed to provide adequate warnings before and/or after the sale.

5.10    Polaris violated the WPLA where "Polaris" designed, manufactured, produced and sold a product that had inadequate crash worthiness and that the ATV failed to adequately protect the plaintiff.

5.11    Plaintiff's claims are asserted against any successor to any of the defendant's named above.

## VI.    DAMAGES

6.1    As a proximate result of the above-described negligence on the part of Defendant, Plaintiff suffered serious general damages including, but not limited to, physical injury, pain and suffering, disability, disfigurement, fear and other emotional trauma, the exact nature and full extent of which will be proven at the time of trial. He also suffered special damages including, but not limited to, costs of medical treatment, prescriptions, other

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES                    3

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite 330
Seattle, WA  98104
P. 206-625-9104
F. 206-682-6710

medical supplies, transportation, and loss of income, economic loss, property damage and other damages, the exact nature and full extent of which will be proven at the time of trial.

## VII. RESERVATION

7.1    Plaintiff's investigation is ongoing. Subsequent discovery may very well reveal additional acts of negligence on the part of the Defendant or its agents.

7.2    Further, the exact nature and full extent of the plaintiff's injuries and damages are not yet known, he may have additional claims or causes of action.

7.3    Accordingly, Plaintiff reserves the right to subsequently amend this complaint to conform to the evidence.

## VIII. LIMITED MEDICAL WAIVER

8.1    Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by Plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## IX.  PRAYER FOR RELIEF

9.1    WHEREFORE, Plaintiff prays for judgment against Defendant in such sums as will fully and fairly compensate Plaintiff for his injuries, general damages, and special damages, including prejudgment interest as appropriate, other damages - the exact nature and full extent of which to be proven at trial, together with actual reasonable attorney fees, costs and disbursements, as well as such other relief as the Court deems just and equitable in the premises.

\\

\\

\\

\\

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES                4

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite 330
Seattle, WA 98104
P. 206-625-9104
F. 206-682-6710

DATED 19th day of November 2024.


                              HERRMANN LAW GROUP

                              /s/ Steve Trinen
                              Steve Trinen, WSBA #30925
                              Attorney for Plaintiff

COMPLAINT FOR PERSONAL INJURIES AND
DAMAGES                                    5

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite 330
Seattle, WA  98104
P. 206-625-9104
F. 206-682-6710